█ RALPH D. DeNUNZIO et al., Appellants, v. THOMAS R. GAIAN et al., Respondents, and GREGORY & SONS et al., Defendants.— Order, Supreme Court, New York County, entered May 10, 1973, reversed, on the law, defendants-respondents' motions for summary judgment dismissing the second cause of action denied, plaintiffs-appellants' motion to strike the defenses to the second cause of action granted, and plaintiffs-appellants' motion for partial summary judgment on the second cause of action against defendants-respondents granted. Appellants shall recover of respondents $60 costs and disbursements of this appeal. Plaintiffs are directors and trustees of the New York Stock Exchange's special trust fund, created by the Exchange to assist customers whose holdings have been placed in jeopardy by insolvency of broker members. Defendants-respondents are former partners of Gregory & Sons, an insolvent brokerage house, whose affiliation therewith had terminated prior to the date that a liquidation agreement was entered into between plaintiffs and Gregory's surviving partners. Pursuant to that agreement, to which defendants-respondents were not parties, the partner parties were to reimburse plaintiffs for payments made over and above the assets in liquidation as reimbursment owed to former customers, and such reimbursement is the subject of this suit. The motion here reviewed, however, has to do only with the second cause, based, not upon the liquidation agreement, but upon assignments taken for the payment of certain partnership debts which were reflected on its books prior to the dates on which defendants-respondents had left the partnership. The existence of one such debt owed to State Street Investment Corporation, pre-existing defendants-respondents' departure from the firm, was established without refutation by books of record; payment of the amount thereof, $139,666.79, and assignment were shown by plaintiffs' check and, in the absence of indorsement thereon, the unimpeached affidavit of an officer of the creditor payee to the effect that assignment of its claim against Gregory had taken place. In these circumstances, plaintiffs would be entitled to summary judgment on the claim, absent a viable defense. There is none such advanced. Aside from denial, defendant Linne pleads his retirement from the firm; as has been said, the departure was post the debt's existence on the firm's books. The three other defendants-respondents plead, aside from the same two claims and an unsubstantiated assertion that no cause is stated, nine defenses, none of which is valid. That defendants-respondents never entered into the liquidation agreement is of no moment; the second cause does not rest on the agreement. An agreement with their former partners discharging defendants-respondents from liability avails them not against this claim. It is asserted that Gregory's assets were not exhausted by the liquidation payments and that there was a requirement in any event to pay the obligations antedating

defendants-respondents' retirement first; neither claim has substance. No foundation is established for a vague general claim that defendants-respondents have countervailing claims against the assignor. It is argued that the underlying debt could not be the subject of assignment, having been extinguished when paid; we see here, however, a simple case of subrogation. The only other defense charges a violation by the Exchange of its own duties to the investing public; this assertion, even if true, is not available as a defense (*New York Stock Exchange* v. *Goodbody & Co.*, 42 A D 2d 556). The strongest attack made by defendants-respondents against plaintiffs' claim rests in an opinion written by counsel to the Exchange that those partners not signing the liquidation agreement were not responsible for repayment to the special trust fund. This memorandum was, however, never authorized to be published or distributed and does not express the Exchange's official position. After full consideration of the cause as pleaded and established by the supporting proofs, and of the defenses, the conclusion is inescapable that plaintiffs are entitled to judgment against defendants-respondents for $139,666.79, the amount of a debt owed by Gregory existent prior to retirement of defendants-respondents therefrom, and paid by and assigned to plaintiffs, and this conclusion has never been controverted by defendants-respondents. Concur — Markewich, Murphy and Steuer, JJ.; Stevens, P. J., and McGivern, J. dissent in the following memorandum by McGivern, J. I do not believe summary judgment should be granted on the plaintiff's second cause of action. There are involved too many mixed questions of law and fact to warrant summary judgment. These questions include a determination as to whether the State Street Investment Corporation was in fact "a customer" of Gregory in view of the Securities and Exchange Commission regulations, the date when it became a creditor, if at all, and whether there was an assignment of such claim, dehors the unindorsed check; and whether there was payment extinguishing the obligations. Lastly, there is an unresolved question as to whether the payment to State was authorized under the liquidation agreement, to which the defendants-respondents were not parties. Nor would I summarily strike all of the defenses of the defendant, except the ninth, which I recognize is not cognizable in a State action; but the others are viable and adequately pleaded.